No. 95 February 14, 2024 723

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Joel HAUGEN,
*Petitioner,*
*v.*

CITY OF SCAPPOOSE
and David Weekley Homes,
*Respondents.*

Land Use Board of Appeals
2023001; A182362

Argued and submitted November 15, 2023.

E. Michael Connors argued the cause for petitioner. Also on the brief was Hathaway Larson, LLP.

Garrett H. Stephenson argued the cause for respondents. Also on the brief were Bailey M. Oswald, Ashleigh K. Dougill, and Schwabe, Williamson & Wyatt, P.C.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed and remanded.

**JACQUOT, J.**

The City of Scappoose approved intervenor David Weekley Homes's consolidated planned development application (the application) for an approximately 17-acre property adjacent to Scappoose Creek.[1] Petitioner appealed the city's decision to the Land Use Board of Appeals (LUBA), which denied five of petitioner's seven assignments of error and remanded as to the remaining two. Petitioner now seeks judicial review of LUBA's final opinion and order, contending that LUBA erred in its rejection of three of his assignments of error before LUBA. First, petitioner argues that LUBA erred in rejecting petitioner's argument that, although the planning commission had conducted a *de novo* hearing for the application, closed the record, and recommended approval to the Scappoose City Council, under the Scappoose Municipal Code (SMC), the council was required to conduct an additional *de novo* hearing, and to allow petitioner and others to submit further evidence in opposition to the application. Second, petitioner argues that LUBA erred in rejecting his argument that intervenor's proposed condition of approval, to lower the number of lots from 48 to 44 and increase the minimum lot size from 3,400 square feet to 4,000 square feet, and intervenor's assertions made in support of the adoption of that condition, constituted "evidence" as that term is defined in the relevant statute, and that, therefore, petitioner had a procedural right to respond to the proposed condition. Third, petitioner argues that LUBA erred in concluding that the council's approval of the application was supported by adequate findings and substantial evidence.

For the reasons explained below, we affirm on petitioner's first assignment of error and reverse on his second and third assignments. We conclude that LUBA erred in rejecting on procedural grounds petitioner's argument that the new information submitted by intervenor was "evidence," and in declining to address the merits of petitioner's adequate findings and substantial evidence argument on the grounds that the city council approved the original

---

[1] Intervenor applied for a subdivision tentative plan, planned development overlay, conditional use, and sensitive land development permits for floodplain, wetlands, slope hazard, and fish and riparian corridors.

48-lot proposal rather than the modified 44-lot proposal. Accordingly, we reverse and remand.

## FACTS

The relevant facts are procedural. Intervenor filed a consolidated application in the City of Scappoose for "needed housing," including a planned development overlay request.[2] On October 6, 2022, the city published a notice that the planning commission would hold a public hearing on the consolidated application on October 27. Seven days before the hearing, the planning commission issued a staff report, made available to the public, which included findings that addressed the relevant approval criteria. On October 27, the planning commission voted to leave the record open for 10 additional days to allow petitioner and his attorney sufficient time to review the materials and prepare their written testimony and granted intervenor seven days after the close of the 10-day period to offer a rebuttal. The hearing was continued on November 17, and the planning commission voted to recommend approval to the city council.

The city council held a public hearing on December 5, 2022, and allowed additional oral testimony, including that of petitioner and his attorney, followed by intervenor's rebuttal. However, the council did not allow submission of new written evidence, instead relying on the record created before the planning commission. After the testimony, a number of council members expressed concerns about, among other things, lot size and density. The council did not act on the application at that time. When the council returned for deliberations on December 12, it reopened the record pursuant to ORS 197.522(3) (2021), *amended by* Or Laws 2023, ch 13, § 85, for the sole purpose of allowing intervenor

---

[2] In 2023, the legislature amended, renumbered, and reorganized the statutes related to "needing housing." Or Laws 2023, ch 13. We refer to the statutes in effect at the time of the relevant events in this case. "Needed housing" refers to housing that is shown to meet the need for housing within an urban growth boundary, on land zoned for residential or mixed residential use, at prices and rent levels that are affordable to a variety of incomes. *Former* ORS 197.303 (2021), *amended by* Or Laws 2023, ch 13, § 27; Or Laws 2023, ch 223, § 18a; Or Laws 2023, ch 326, §14, *renumbered* as 197A.348 (2023). A planned development overlay is used to provide more flexibility in land use and gives the planning commission the ability to approve applications that may not otherwise conform with a land zone's requirements. SMC 17.81.010.

to propose a condition of approval to address the council's concerns about minimum lot size.[3] Intervenor proposed the imposition of Condition 53, which limited the number of lots to 44 (rather than 48) and required a minimum lot size of 4,000 square feet (rather than 3,410). Petitioner was not allowed an opportunity to comment on or otherwise respond to the proposed condition or intervenor's assertions during his presentation regarding the condition. The council then approved the application and adopted the findings in the October 20 staff report as its own.

In his appeal of the decision to LUBA, petitioner asserted, as relevant here, that, (1) by failing to hold a second *de novo* hearing—instead relying on the evidence submitted before the planning commission—the city council committed procedural errors that prejudiced petitioner's substantial rights; (2) the council improperly denied petitioner an opportunity to respond to new evidence submitted by intervenor regarding the condition of approval; and (3) the council's approval of the 44-lot project was not supported by adequate findings or substantial evidence, because the evidence in the record only addresses the 48-lot proposal approved by the planning commission.

As to petitioner's first argument, LUBA concluded that petitioner had not established procedural error, and therefore no basis for reversal or remand on that ground, because he failed to challenge the city council's reliance on a subsection of the SMC that did not require a *de novo* hearing in this instance. As to petitioner's second argument, LUBA concluded that, notwithstanding petitioner's argument that several specific statements by intervenor's counsel asserting facts that were otherwise not present in the record constituted evidence, petitioner had not established that the information submitted by intervenor when the council reopened the record under ORS 197.522(3) (2021) was "evidence," as defined in ORS 197.797(9)(b), such that petitioner was entitled to an opportunity to respond to that information.

---

[3] ORS 197.522(3) (2021) provides that, "[i]f an application is inconsistent with the comprehensive plan and applicable land use regulations, the local government, prior to making a final decision on the application, shall allow the applicant to offer an amendment or to propose conditions of approval that would make the application consistent with the plan and applicable regulations."

Lastly, as to petitioner's third argument, LUBA concluded that the council had approved the 48-lot proposal with a condition of approval limiting the development to 44 lots, rather than a 44-lot proposal. Because petitioner did not identify any criteria that he believed were violated by the council's approval of a 48-lot proposal with a condition of approval limiting the number of lots, LUBA concluded that petitioner had not developed an argument necessary for its review.

## STANDARD OF REVIEW

We review LUBA's order to determine whether it is "unlawful in substance or procedure." ORS 197.850(9)(a). "A LUBA order is unlawful in substance if it represents a mistaken interpretation of the applicable law." *Kine v. Deschutes County*, 313 Or App 370, 372, 496 P3d 1136, *rev den*, 369 Or 69 (2021) (internal quotation marks and brackets omitted). In assessing a substantial-evidence challenge, we do not "assess whether the local government erred in making a finding, but to determine whether LUBA properly exercised its review authority. *Citizens for Responsibility v. Lane County*, 218 Or App 339, 345, 180 P3d 35 (2008). "[W]here LUBA properly articulates its substantial-evidence standard of review ***, we will not reverse its determination unless there is no evidence to support the finding or if the evidence in the case is 'so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review." *Stevens v. City of Island City*, 260 Or App 768, 772, 324 P3d 477 (2014) (citing *Younger v. City of Portland*, 305 Or 346, 358-59, 752 P2d 262 (1988)). We may reverse or remand based on LUBA's procedural choices only when the procedure is "unlawful" and prejudices the substantial rights of the petitioner. ORS 197.850(9)(a); *see also Waveseer of Oregon, LLC v. Deschutes County*, 308 Or App 494, 500, 482 P3d 212 (2021) (rejecting procedural challenge where county did not identify a source of law that would allow the court to conclude that LUBA's procedural choices were unlawful).

## ANALYSIS

In petitioner's first assignment of error, he contends that LUBA erred in rejecting his argument that the procedures specified in SMC 17.162.130 applied and required the

city council to hold a second *de novo* hearing after receiving the planning commission's recommendation. LUBA concluded that the council had conducted its hearing as prescribed by SMC 17.22.030, which requires that the council's review of a quasi-judicial zone change—which the parties agree was at issue here—shall be on the planning commission's record, and that petitioner was therefore not entitled to a second *de novo* hearing before the council. Although petitioner contended in his reply brief that SMC 17.22.030 did not apply, LUBA reasoned that petitioner had not challenged the council's findings that SMC 17.22.030 applied, explained why it did not apply, or explained why it did not limit the council's hearing procedures. On review, petitioner asserts that LUBA erred by "ignoring" petitioner's argument in his reply brief regarding SMC 17.22.030. He maintains that LUBA's order was therefore unlawful in substance and should be reversed.

As noted above, a LUBA order is unlawful in substance if it represents a mistaken interpretation of the applicable law. *Kine*, 313 Or App at 372. LUBA's rules require a petitioner to assign error in the petition for review and demonstrate either that the issue was raised below or explain why preservation is not required. OAR 661-010-0030(4)(d). A petitioner's reply brief "shall not include new assignments of error or advance new bases for reversal or remand" and is limited to responses to arguments in the respondent's brief. OAR 661-010-0039. Just as in other proceedings, parties before LUBA are required to preserve their arguments for review in this court. *Willamette Oaks, LLC v. City of Eugene*, 295 Or App 757, 765, 437 P3d 314, *rev den*, 365 Or 192 (2019); *see* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). An argument that is "qualitatively different" than the argument made before LUBA is likewise not preserved for our review. *Willamette Oaks, LLC*, 295 Or App at 766.

In his petition for review before LUBA, petitioner argued that SMC 17.162, which sets out the procedures for quasi-judicial decision making, governed the city council's review of the application, and SMC 17.162.130 specifically

required the council to conduct a *de novo* hearing. Intervenor responded that the council relied on a different section, SMC 17.22.030, which sets out additional procedures for a quasi-judicial comprehensive plan and zone change amendments, and properly conducted an on-the-record review, and that the council had articulated as much in its findings. Petitioner's reply on that issue consisted of two sentences: "City Council never explained the basis for imposing the procedural restrictions, and clearly did not rely on SMC 17.22.030. City Council's findings for SMC 17.22.030 do not reference the on-the-record review or address any of the procedural restrictions."

LUBA explained that, by adopting the findings in the October 20 staff report, which was made available to the public prior to the planning commission hearing, the city council had identified SMC 17.22.030 as the basis for its on-the-record review. The staff report included the entire text of the provision and indicated that it applied in these circumstances. LUBA noted that petitioner's assertion that the council did not identify SMC 17.22.030 below was incorrect, and petitioner had not addressed the city's findings under that provision. Because petitioner did not challenge the council's findings in his petition for review and had not developed a challenge to it even in his reply brief, LUBA accepted the council's determination that SMC 17.22.030 applied.

LUBA did not err. Petitioner made no mention of SMC 17.22.030 until his reply brief to LUBA, and, even then, he did not squarely challenge the city council's use of that provision or develop an argument about the adequacy of the council's findings under it. On review in this court, petitioner has not explained why his brief reference to SMC 17.22.030 properly raised the issue or developed an argument for LUBA's review. We conclude that LUBA complied with its own procedural rules, and its order was therefore not unlawful in procedure. To the extent that petitioner now challenges the adequacy of the council's findings regarding SMC 17.22.030, because petitioner did not raise those arguments before LUBA, we do not address them now.

In his second assignment of error, we understand petitioner to assert that LUBA erred by declining to address the merits of his argument that the information intervenor discussed with the city council after it reopened the record was "evidence." ORS 197.797(9)(b) defines "evidence" in the context of a land use hearing as "facts, documents, data or other information offered to demonstrate compliance or noncompliance with the standards believed by the proponent to be relevant to the decision."

Petitioner argued before LUBA that the city council had reopened the record under ORS 197.522(3) (2021) specifically to allow intervenor to address the council's concerns about density, lot size, and floodplain issues, and that the "modified plan" was in itself new evidence because it "significantly changed the proposal." As noted above, ORS 197.522(3) (2021) allows reopening the record only "[i]f an application is inconsistent with the comprehensive plan and applicable land use regulations." Petitioner also identified specific factual assertions made by intervenor's counsel while the record was reopened that were offered to convince the council—the decisionmaker—to approve the application, as limited by the condition, notwithstanding the council's apparent conclusion that the original application was "inconsistent with the comprehensive plan and applicable land use regulations." ORS 197.522(3) (2021). Petitioner argued that because intervenor had presented new evidence, petitioner had a procedural right to respond under *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973) and *Woodstock Neigh. Assoc. v. City of Portland*, 28 Or LUBA 146 (1994), both of which, petitioner argued, stand for the proposition that all participants in a land use hearing have a right to rebut evidence placed before the decisionmaker.

Intervenor asserted a largely statutory argument in response, claiming that ORS 197.522(3) (2021) provides "applicants, and only applicants," an opportunity to offer amendments or conditions of approval to bring an application into compliance once a decisionmaker tentatively determines that the application does not meet the applicable standards. He argued that the statute does not provide for other parties to respond to proposed conditions and that, in

any event, under *Marine St. LLC v. City of Astoria*, 37 Or LUBA 587, 597 (2000), a proposed condition of approval is not new evidence, and so petitioner had no procedural right to respond.

LUBA did not adopt either party's argument. LUBA agreed with petitioner that intervenor's statements to city council, after it had reopened the record pursuant to ORS 197.522(3) (2021), that 44 was the fewest number of lots intervenor could make "pencil" while maintaining a minimum lot size of 4,000 square feet constituted "new *information*." (Emphasis in original.) *See* ORS 197.797(9)(b) (evidence includes "information offered to demonstrate compliance or noncompliance with the standards believed by the proponent to be relevant to the decision"). However, LUBA concluded that petitioner had not developed an argument that that information was "evidence" as that term is defined in ORS 197.797(9)(b), because petitioner failed to identify specific standards or approval criteria that required the imposition of a condition limiting the number of lots or requiring a minimum lot size for the type of application at issue. LUBA also suggested that petitioner had not identified any purported new evidence beyond the condition of approval itself, which, under *Marine St. LLC*, is not evidence. Consequently, LUBA did not address whether, under ORS 197.522(3) (2021), petitioner had a right to rebut any new evidence.

We conclude that LUBA's order is unlawful in substance because LUBA erred in declining to address petitioner's argument that the information provided by intervenor was evidence that petitioner had a right to rebut. In declining to reach that argument, LUBA reasoned that petitioner's argument was not specific enough because he did not identify specific approval standards to which the new information related and did not develop his argument that the information was evidence, "that is, information related to approval criteria." However, petitioner asserted below, and again on appeal, that the record was reopened under ORS 197.522(3) (2021) because city council members had expressed serious concerns that the application did not meet the relevant standards. Indeed, the council's choice to reopen the record under ORS 197.522(3) (2021) indicated that it had

determined that the application was "inconsistent with the comprehensive plan and applicable land use regulations."

Petitioner also identified—with as much specificity as the city council had—the standards the council members were specifically concerned about, including Council President Greisen's concerns, shared by Councilor McHugh, about the "density, lot sizes and floodplain since the R-1 zone is a low-density residential zone and a significant amount of the property is within the floodplain." Petitioner also recounted the content of statements made by intervenor's counsel regarding density, lot size, and the floodplain, including explanations of engineering issues related to and the financial feasibility of smaller lot sizes, how the lot sizes would impact the ability to protect Scappoose Creek and other natural resources on the property, and whether project amenities would "pencil" if intervenor were to abandon the current application for a planned development overlay and instead file a 46-lot subdivision application that did not require the same project amenities.

Nothing in the statutory definition of evidence in ORS 197.797(9)(b) nor in LUBA's caselaw indicates that the information and argument provided by petitioner in this case were insufficient for LUBA to address his argument. LUBA itself has held that ORS 197.797(9)(b) "defines 'evidence' quite broadly," *Friends of the Hood River Waterfront v. City of Hood River*, 67 Or LUBA 179, 194-95 (2013), and LUBA did not explain why petitioner's recitation of specific statements made by city council members related to the requirements for the specific zone for which they were considering a zone change and overlay request—which, under the circumstances, represented a conclusion that the application did not comply with relevant standards—and intervenor's statements in response, were not specific enough. Petitioner's argument was developed enough that LUBA could not fairly reject it for being inadequately developed. *See* ORS 197.835(11)(a) ("Whenever the findings, order and record are sufficient to allow review, and to the extent possible consistent with the time requirements of ORS 197.830(14), the board shall decide all issues presented to it when reversing or remanding a land use decision * * *."); *see also Schaefer*

*v. Marion County*, 318 Or App 617, 639, 509 P3d 718 (2022) (reversing LUBA's rejection of a petitioner's argument on the ground that the petitioner had failed to adequately develop the argument or identify certain evidence in the record; explaining that the petitioner's argument before LUBA fully addressed the point and that LUBA had erred in failing to address the merits of the argument); *Gunderson, LLC v. City of Portland*, 243 Or App 612, 626, 259 P3d 1007 (2011), *aff'd*, 352 Or 648, 290 P3d 803 (2012) (holding that LUBA's order was unlawful in substance when LUBA failed to consider an issue sufficiently presented to it).

Nor does LUBA's citation to *Marine St. LLC* dispose of petitioner's argument. In that case, the petitioner argued that a condition of approval itself was new evidence, and LUBA rejected that argument. 37 Or LUBA at 597-98. In this case, by contrast and as noted above, petitioner identified several statements made by intervenor's counsel as well as the modified proposal as evidence; the identified items went significantly beyond the text of the condition itself. In sum, under these circumstances, LUBA had to address the merits of petitioner's argument that the new information presented by intervenor during the reopened record period under ORS 197.522(3) (2021) was evidence within the meaning of ORS 197.797(9)(b).

We turn to petitioner's third assignment of error. Before LUBA, petitioner argued that, given the procedural circumstances, the city council had approved a 44-lot project without making the findings necessary to support such a project. LUBA held that, because the council had adopted the planning commission staff report, the council had found that the 48-lot proposal met the applicable standards and, after reaching that conclusion, the council simply imposed a condition increasing the minimum lot size and limiting the number of lots to 44. LUBA concluded that, because petitioner's arguments addressed a 44-lot project, those arguments addressed only the condition reducing the number of lots to 44, rather than the adequacy of the findings to support the council's approval—which, LUBA concluded, was of the 48-lot project. Because petitioner (like the council) had not identified any standards that required imposition

of the condition, LUBA reasoned, petitioner had not raised any arguments for LUBA to address on the merits. That is, petitioner's argument before LUBA rested on the premise that, given the procedures it followed, the council had approved only a 44-lot project. LUBA rejected that premise and instead relied solely on the face of the ordinance approving the application to conclude that the council had approved a 48-lot project.

On review, petitioner contends that LUBA's order was unlawful in substance because LUBA failed to address his argument. We agree. LUBA rejected out of hand petitioner's premise that, under the circumstances, the city council approved a 44-lot project, but LUBA did not explain how the procedure the council followed allowed the conclusion that it had approved a 48-lot project. As explained above, after the record was closed, council members expressed concerns about whether the applied-for 48-lot project met the applicable standards. The council then reopened the record under ORS 197.522(3) (2021), which applies only if an application does not meet the applicable standards. The council received new information from intervenor and decided to approve the application on the condition that it include only 44 lots with a larger minimum size than the lots identified in the application. Then the council adopted the planning commission staff report, which supported the applied-for 48-lot project.

There is an inconsistency between, on one hand, the city council's stated concerns about the application and subsequent decision to reopen the record under ORS 197.522(3) (2021) to allow for a condition of approval addressing those concerns—both of which indicate that the council had determined that the 48-lot application was "inconsistent with the comprehensive plan and applicable land use regulations"—and, on the other hand, the council's statement in its final decision that it was adopting the planning commission's staff report and recommendation to approve the 48-lot proposal. Petitioner's argument was that, in light of that inconsistency, the council should be understood to have approved only a 44-lot project, notwithstanding its configuration of the ordinance as approving a 48-lot project with a condition limiting the number and minimum size of the lots. LUBA

did not explain why, given the procedures the council followed, petitioner's understanding was incorrect. By failing to engage with the facts underlying petitioner's argument that the council's order was not supported by substantial evidence and reason, LUBA misapplied its standard of review, and its order is therefore unlawful in substance. *See Rogue Advocates v. Jackson County*, 282 Or App 381, 289, 385 P3d 1262 (2016) ("[T]he substantial evidence standard of review includes a substantial reason requirement. To satisfy that requirement, an agency order must supply an explanation connecting the facts of the case and the result reached.").

In sum, we reject petitioner's first assignment of error. On his second and third assignments, we conclude that LUBA erred in declining to address petitioner's contention that the new information presented by intervenor during the period in which the city council reopened the record under ORS 197.522(3) (2021) was "evidence" within the meaning of ORS 197.797(9)(b), and in concluding that the council approved the original 48-lot proposal without accounting for the council's reliance on ORS 197.522(3) (2021) and the resulting imposition of the condition decreasing the number of and increasing the minimum size of the lots. Accordingly, we remand for LUBA to consider the merits of those issues and determine whether petitioner was entitled to an opportunity to rebut any new evidence and whether the council's approval of the application is supported by adequate findings and substantial evidence.

Reversed and remanded.